DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Nevada Bar No.
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:10-CR-243-ECR (PAL) |
| BRAWNDELL LEE WALTON, | |
| Defendant. | |

### PETITION, STIPULATION FOR RETURN OF PROPERTY AND ORDER

The United States of America, by and through its undersigned counsel, hereby stipulates and agrees with ANDREW RASMUSSEN as follows:

1.    On March 4, 2011, BRAWNDELL LEE WALTON pled guilty to Counts One and Two of a Two Count Criminal Indictment for violation of Title 18, United States Code, Section 922(g)(1); Title 18, United States Code, Section 924(a)(2), Felon in Possession of a Firearm; and Title 18, United States Code, Sections 922(j) and 924(a)(2), Possession of a Stolen Firearm, and agreed to the forfeiture of property named in the Forfeiture Allegation of the Indictment. Docket #1, #29, #31.

2.    On March 11, 2011, the Court entered the Preliminary Order of Forfeiture (#31), in which BRAWNDELL LEE WALTON forfeited to the United States property that was referenced in the Forfeiture Allegation of the Criminal Indictment pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

3.    ANDREW RASMUSSEN petitions that a Titan FIP .25 caliber semi-automatic handgun, serial number A68627 which was in the possession of defendant BRAWNDELL LEE

1 WALTON at the time of his arrest, is the legal property of ANDREW RASMUSSEN, taken by the Defendant without the knowledge or permission of ANDREW RASMUSSEN under 28 U.S.C. § 1746. By his signature below, ANDREW RASMUSSEN declares, certifies, verifies, and states under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing in paragraph 3 is true and correct.

4. The Titan FIP .25 caliber semi-automatic handgun, serial number A68627 ("the property") is forfeited to the United States of America.

5. ANDREW RASMUSSEN knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property.

6. ANDREW RASMUSSEN knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

7. ANDREW RASMUSSEN knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

8. ANDREW RASMUSSEN knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

9. ANDREW RASMUSSEN knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property.

10. ANDREW RASMUSSEN knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

11. ANDREW RASMUSSEN knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

. . .

. . .

12. ANDREW RASMUSSEN knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

13. ANDREW RASMUSSEN knowingly and voluntarily agrees to waive his right to a jury trial on the forfeiture of the property.

14. ANDREW RASMUSSEN knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine or cruel and unusual punishment in any proceedings concerning the property.

15. ANDREW RASMUSSEN knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

16. ANDREW RASMUSSEN knowingly and voluntarily agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the abandonment or the forfeiture.

17. After the property is forfeited with a Final Order of Forfeiture in this criminal case and the United States District Court has signed this Petition and Stipulation for Return of Property and Order concerning the Property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees the United States will transfer the property to ANDREW RASMUSSEN. After the property is returned to ANDREW RASMUSSEN he will still have all of his remedies against the Defendant but no remedies against the United States

18. ANDREW RASMUSSEN knowingly and voluntarily agrees to the conditions set forth in this Petition and Stipulation for Return of Property and Order ("Stipulation").

19. ANDREW RASMUSSEN knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, Bureau of Alcohol, Tobacco, Firearms, and Explosives, their agencies, their agents, and their employees from any claim made by him or any third party arising out of the facts and circumstances of this case.

20. ANDREW RASMUSSEN releases and forever discharges the United States of America, the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that ANDREW RASMUSSEN now has or may hereafter have on account of, or in any way growing out of, the seizure of the property.

21. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

22. The Stipulation contains the entire agreement between the parties.

23. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

24. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

25. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

26. Each party shall bear his own attorneys' fees, expenses, interest, and costs.

27.     This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure of the property.

DATED: 7/27/11

_Andrew Rasmussen_
ANDREW RASMUSSEN

DATED: 7-27-11

DANIEL G. BOGDEN
United States Attorney

_Michael A. Humphreys_
MICHAEL A. HUMPHREYS
Assistant United States Attorney

IT IS SO ORDERED:

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

DATED: July 29, 2011